*Decision will be entered under Rule 50.*

London Displays Company N.V., Petitioner, *v.* Commissioner of Internal Revenue, Respondent

Docket No. 2610-65. Filed July 22, 1966.

*George E. Constable*, for the petitioner.
*Richard H. M. Hickok*, for the respondent.

Fay, *Judge:* Respondent determined a deficiency in petitioner's Federal income tax for 1963 in the amount of $156,959.41 and an addition to tax under section 6651(a), I.R.C. 1954, in the amount of $39,239.85.

In the stipulation of facts filed with this Court on March 2, 1966, the parties stipulated that petitioner is not a personal holding company and that there is not due from petitioner a personal holding tax in the amount of $115,961.30 as set forth in the computation of tax in respondent's notice of deficiency. Accordingly, we are actually concerned with respondent's claim for a deficiency in income tax for 1963 of $40,998.11 and an addition thereto under section 6651(a).

The remaining issues for decision are: (1) Whether income received by petitioner, a foreign corporation, from Madame Tussaud's Wax Museums, Inc., a California corporation, is subject to the 30-percent tax pursuant to section 881(a) of the Internal Revenue Code of 1954 or whether such income is exempt from Federal taxation by reason of the Income Tax Convention between the United States and the Kingdom of the Netherlands, Apr. 29, 1948, art. IX, 62 Stat. 1757, T.I.A.S.

1855; and (2) whether there is due from the petitioner an addition to the tax provided for by section 6651(a) of the Internal Revenue Code of 1954 for failure to file a return. As alluded to above, respondent has conceded his original contention that petitioner is a personal holding company and that issue is, therefore, not before us.

FINDINGS OF FACT

Some of the facts are stipulated and as stipulated are so found.

Petitioner was incorporated in May 1962 in Curacao, Netherlands Antilles, as a wholly owned subsidiary of London Displays (Bahamas), Ltd., a Bahamian corporation. Edward R. Hicks and Donald R. Crysdale each owned 50 percent of the stock of London Displays (Bahamas), Ltd. Petitioner was formed to own wax figures created by the Stuberghs, a California corporation. On February 8, 1962, the Stuberghs leased certain wax figures [1] to Donald R. Crysdale and Edward R. Hicks for display in Seattle, Wash., during the 1962 World's Fair which ended October 31, 1962. Subsequently, the Stuberghs prepared a conditional sales contract relative to the sale of these wax figures wherein the vendee was to be petitioner. The full purchase price was stated in said contract to be $51,221.58. Petitioner never executed said contract; however, it made some of the payments called for in the contract. The full purchase price of the wax figures had not been paid as of the time of the trial herein. The sum of approximately $2,038 remains owing to the Stuberghs.

Madame Tussaud's Wax Museums, Inc. (hereinafter referred to as Tussaud's), is a California corporation owned principally by Thomas L. Fong (hereinafter referred to as Fong), which was engaged in the business of displaying the wax figures involved herein at a wax museum on Fisherman's Wharf in San Francisco, Calif.

As of June 1, 1963, petitioner and Tussaud's entered into an agreement whereby, inter alia, petitioner was to furnish wax figures and settings in exchange for 48 percent of the gross receipts of the museum. Tussaud's, by the aforesaid agreement, was to receive 52 percent of the gross receipts of the museum. Tussaud's was obligated to pay the museum's operating costs including building rental. Said agreement was never formally executed by the parties but its terms were carried out. This business arrangement was terminated shortly after August 1963.

---

[1] The wax figures involved portrayed such people as Art Baker, Sitting Bull, Queen Victoria, Benjamin Disraeli, Albert Einstein, Thomas Alva Edison, Will Rogers, Abraham Lincoln, Greta Garbo, Jean Harlow, Norma Shearer, Clark Gable, Vivien Leigh, Douglas Fairbanks, Sr., Mary Pickford, Rudolph Valentino, Queen Elizabeth I, Napoleon Bonaparte, Chiang Kai-Shek, Winston Churchill, Franklin Delano Roosevelt, Joseph Stalin, Benito Mussolini, Adolph Hitler, Bela Lugosi, Boris Karloff, Lon Chaney, Jeanette MacDonald, Errol Flynn, Carol Lombard, John Barrymore, Mae West, and Mohandas K. Ghandi; and The Last Supper.

Petitioner did not file a U.S. income tax return (Form 1120–F) for the year ended December 31, 1963. No withholding tax has been paid on moneys accruing to petitioner during 1963 or paid to petitioner.

In his notice of deficiency, respondent determined that petitioner received, actually and constructively, royalty income in the amount of $136,660.38 [2] during the taxable calendar year 1963 from sources within the United States. Furthermore, respondent determined an addition to tax under section 6651(a) on the ground that petitioner failed to file a return for the taxable year 1963 within the prescribed time.

## OPINION

The first issue presented for decision is whether petitioner's gross income in 1963 from sources within the United States in the amount of $136,660.30 is subject to the 30-percent tax imposed by section 881(a) [3] of the Internal Revenue Code of 1954. The tax imposed by section 881(a) is a tax in the amount of 30 percent of gross income from sources within the United States and is imposed in lieu of taxes imposed by section 11 of the Internal Revenue Code of 1954. Section 894 provides as follows:

SEC. 894. INCOME EXEMPT UNDER TREATY.

Income of any kind, to the extent required by any treaty obligation of the United States, shall not be included in gross income and shall be exempt from taxation under this subtitle.

The Income Tax Convention between the United States and the Kingdom of the Netherlands, Apr. 29, 1948, art. IX, 62 Stat. 1757, T.I.A.S. 1855, provides at 1762:

Royalties for the right to use copyrights, patents, designs, secret processes and formulae, trade marks, and other analogous property, and royalties, including rentals, in respect of motion picture films or for the use of industrial, commercial or scientific equipment, derived from sources within one of the Contracting States by a resident or corporation of the other Contracting State not engaged in trade or business in the former State through a permanent establishment, shall be exempt from tax imposed by the former State.

Petitioner contends that the wax figures were "commercial equipment" within the meaning of the aforesaid tax convention and, accord-

---

[2] The discrepancy between $136,660.38 indicated in the notice of deficiency and $136,660.30 stipulated to by the parties as being received by petitioner in 1963 from Tussaud's is not explained.

[3] SEC. 881. TAX ON FOREIGN CORPORATIONS NOT ENGAGED IN BUSINESS IN UNITED STATES.

(a) IMPOSITION OF TAX.—In the case of every foreign corporation not engaged in trade or business within the United States, there is hereby imposed for each taxable year, in lieu of the taxes imposed by section 11, a tax of 30 percent of the amount received from sources within the United States as interest (except interest on deposits with persons carrying on the banking business), dividends, rents, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income (including amounts described in section 631 (b) and (c) which are considered to be gains from the sale or exchange of capital assets).

ingly, the $136,660.30 received by petitioner as rental for the use of said wax figures was exempt from United States taxation under the terms of said treaty and section 894.

Respondent accedes that the United States-Netherlands tax convention exempts from taxation royalty or rental income from the use of industrial, commercial, or scientific equipment; however, it is respondent's position that the wax figures involved herein are works of art and therefore not industrial, commercial, or scientific equipment. Accordingly, respondent argues that rental income received from the use of such figures is not exempt from taxation under the United States-Netherlands tax convention.[4] The premise of respondent's argument is that works of art and commercial equipment are mutually exclusive forms of property.

We do not consider it necessary to determine whether the wax figures in question constitute works of art since we disagree with respondent's underlying premise—that is, we do not believe that works of art and commercial equipment necessarily are mutually exclusive concepts. The more meaningful consideration in determining whether or not a particular object constitutes commercial equipment is the use to which that object is put and the purpose which it fulfills rather than the aesthetic responses which it arouses. Here, the wax figures were clearly utilized by all parties involved for commercial purposes—that is, the wax figures were used by petitioner and Tussaud's as a means of generating income. Regardless of whether or not the figures themselves might be considered by some persons as works of art, they were used herein strictly for their income-producing capacities, and we therefore hold that they constitute commercial equipment within the intendment of the United States-Netherlands tax convention.

Respondent's position is not supported by the fact that some United States tax conventions with countries other than the Netherlands may specifically exempt royalty income from the use of artistic works or exempt both royalty income from the use of artistic works and rental income from the use of commercial equipment. See Income Tax Convention between the United States and the Commonwealth of Australia, May 14, 1953, art. X, 4 U.S.T. 2274, T.I.A.S. 2880; and Income Tax Convention between the United States and Norway, June 13, 1949, art. VII, 2 U.S.T. 2323, T.I.A.S. 2357. The references to "artistic works" in such other tax treaties appear to contemplate specifically artistic works of an intangible nature which are susceptible of being copyrighted (such as musical compositions and plays). Here, we are concerned with tangible objects, whether or not of an artistic nature. Moreover, there is nothing whatsoever in the tax convention

---

[4] Although respondent implied during the trial herein that he would advance several theories to support his determination, he advanced on brief only the argument paraphrased above.

involved herein which would require the paradoxical holding that a work of art cannot be considered as commercial equipment even if the use to which it is put is strictly commercial in nature. Respondent does not argue that the term "commercial equipment" refers to productive property nor does the tax convention involved herein lead to such a conclusion.

For the foregoing reasons, we conclude that rental income received by petitioner from Tussaud's for the use of the wax figures was exempt from taxation under the United States-Netherlands tax convention; therefore, we hold for petitioner on this issue.

In light of our holding above, there is no deficiency in petitioner's income tax for 1963 and, therefore, there can be no addition to tax under section 6651(a).

*Decision will be entered for the petitioner.*